■ VAN SEPLOW, Respondent, v LICIA A. DE CAMILLIS, Appellant.—Order of the Supreme Court, New York County (Andrew R. Tyler, J.), entered June 7, 1985, which denied defendant-appellant's motion to resettle the order of Justice Tyler entered March 6, 1985, and to vacate the protective order granted to plaintiff-respondent, is unanimously reversed, on the law and on the facts and in the exercise of discretion, without costs, the motion treated as one for renewal, renewal granted, and on renewal the motion for discovery is granted and the application for a protective order is denied. The appeal from the order of the same court entered March 6, 1985 should be dismissed as superseded by the appeal from the order of June 7, 1985.

Plaintiff commenced this action in March 1981 to enforce a purportedly valid option to purchase a cooperative apartment in Manhattan and a factory building in The Bronx for a total purchase price of $100,000. Appellant denies the validity of the written option and other documents and counterclaims for payment of $200,000 in loans she gave to plaintiff. Appellant alleges that her signatures on the option, the modification of the option and on other related documents are forgeries. Accordingly, in 1983, appellant sought discovery and inspection of these documents. Although the originals of the documents had been sought, appellant's expert was only given the opportunity to microscopically inspect duplicate copies of the option, the option modification, a receipt plaintiff claimed he received from appellant showing his payment of a loan appellant had made to him, and a letter giving plaintiff permission to inspect the subject premises.

On January 14, 1985, appellant served another request for inspection of the documents, seeking to inspect the items listed above as well as three others. The request specified that the original documents had to be inspected to preserve appellant's defense of forgery. In response, plaintiff moved for a protective order, arguing that some of the requested items had already been inspected by an expert and that the others were nondiscoverable. Plaintiff never advised the court that appellant had inspected photocopies of the documents, not the originals. On March 6, 1985, Justice Tyler denied appellant's motion and granted the protective order. The court relied on

plaintiff's deceptive statement that he had already produced the documents sought and noted that appellant had not submitted the affidavit of the expert showing the necessity for another inspection.

Subsequently, on March 27, 1985, appellant moved to resettle the March 6 order and supplied the necessary affidavit of an expert. The expert's affidavit stated that his examination of photostatic reproductions of five of the requested documents revealed "un-uniform ridges, waves, thicknesses, and interruptions in the continuity of the lines of such handwriting" which were indicative of imitations or forgeries. However, because the vagaries of photostatic reproductions can also produce such aberrations, the expert stated it was necessary to inspect the originals to determine whether these aberrations were present on the original signatures as well. The court denied the motion, stating defendant had still failed to demonstrate the necessity for another examination.

Although appellant's papers were denominated a motion to resettle the March 6, order, the motion was in fact in the nature of one to renew on additional papers, leave having been implicitly given to defendant-appellant by Justice Tyler in his March 6 order which noted the absence of the affidavit of an expert to explain the necessity for a second examination. The court erred, however, in denying the motion on its merits. Essential to appellant's defense of forgery was expert evidence concerning the microscopic examination of the original documents to determine the presence of any aberrations in the questioned handwritings that are not normally present in appellant's true handwriting. Such evidence cannot be obtained through examinations of photostatic copies, which due to the imperfections of reproduction often produce similar aberrations. The evidence could only be obtained from examination of the original documents.

Plaintiff's affirmations deceptively advised the court that defendant had already inspected the documents, when in fact all plaintiff had given to defendant were copies of the originals. Because the originals had never been inspected and because plaintiff will suffer no undue hardship by yielding these documents, discovery of this evidence, which is unquestionably material and necessary to the defense of this case, should be permitted, and the order granting plaintiff a protective order is reversed.

Lastly, we note that plaintiff's argument that some of these documents are undiscoverable is devoid of merit. Plaintiff relies for this proposition on Justice Jawn A. Sandifer's state-

ment during defendant's pretrial examination that defendant would not be permitted to inspect, during the examination, those documents whose signatures she could not identify. To say that this ruling meant that the instruments were nondiscoverable at any time goes beyond any legitimate interpretation of Justice Sandifer's statement. The documents are all properly discoverable. Concur—Murphy, P. J., Carro, Asch, Fein and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN THURMAN, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered on June 10, 1983, unanimously affirmed.